IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


LISA A. DONNELLY AND RICHIE COLLAZO
INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES
(ADMINISTRATRIX AND ADMINISTRATOR) OF THE
ESTATE OF LADINA C. THOMASON-COLLAZO, DECEASED            PLAINTIFFS


VS.                          CASE NO. 3:08CV00100 JMM


LEONARD LEAFTY AND
WESTERN FLYER EXPRESS, INC.                               DEFENDANTS


WESTERN FLYER EXPRESS, INC.                        THIRD-PARTY PLAINTIFF

VS.

MANUEL IRIZARRY, ADMINISTRATOR
OF THE ESTATE OF MANUEL
IRIZARRY                                          THIRD-PARTY DEFENDANT


**ORDER**

Pending before the Court is plaintiffs' Motion to Sever and Try Separately Third-Party Claims (#30). For the reasons stated below, the motion is denied.

This case results from an auto accident that occurred on September 21, 2005. The accident involved a Western Flyer tractor-trailer being driven by Leonard Leafty and a vehicle allegedly being driven by Manuel Irizarry with Ladina Collazo sitting in the front passenger's seat.

1

On June 2, 2008, plaintiffs filed a complaint against defendants Leonard Leafty and Western Flyer Express, Inc. ("Western Flyer"). On December 1, 2008, Western Flyer filed a Third-Party Complaint against Manuel Irizarry, Administrator of the Estate of Manual Irizarry contending that Irizarry was the driver of the automobile and, as such, would be liable to Western Flyer for contribution or indemnity should plaintiffs recover money damages Western Flyer. The Third-Party Complaint also alleges that Irizarry is directly liable to Western Flyer for damages to Western Flyer's tractor-trailer.

On February 9, 2009, the Court granted Western Flyer's Motion for Default Judgment against Manuel Irizarry as the Administrator of the Estate of Manuel Irizarry based upon Irizarry's failure to answer the Third-Party Complaint. The Court stated in that Order that a hearing would be scheduled to determine the amount of Western Flyer's claim.

The plaintiffs have now moved to sever and try separately the third-party claims contending that trying all the claims in one trial would confuse the jury. The Court cannot agree.

The rights of all the parties in this case center upon a common factual setting and judicial economy would dictate that the jury should be allowed to assess the fault and actions of the participants in the accident in a single proceeding.

IT IS SO ORDERED THIS  18   day of   June  , 2009.

_____
James M. Moody
United States District Judge